**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE VMS LIMITED PARTNERSHIP SECURITIES LITIGATION | |
| Consolidated Pretrial Proceeding | No. 90 CV 2412 Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

      Today I enter an order granting a motion of the Oversight Committee in an old and complicated case arising from the failure of the enterprise referred to as "VMS Limited Partnership" and its securities. The order which concludes the work of the Oversight Committee speaks for itself. I do note that there is one difficulty arising from events occurring long before today. Some of the investments made in the enterprise were secured by surety bonds. Investments, in some cases, were promissory notes from investors to the enterprise. Some investors (who are members of the plaintiff class) defaulted on promissory notes which were covered by surety bonds. The sureties paid off on some of the notes and were, in turn, acquired by subrogation the rights of an insured investor to collect money due to members of the class.

      At this stage in time it is unknown whether one particular surety is entitled to receive funds due to certain class members. The surety no longer exists as a viable entity. The Industrial Indemnity firm was the surety and by 1997 has been purchased by Fremont General Corporation which would have be able to enforce its collection rights against defaulting investors whose notes were paid by Industrial Indemnity. By 2008 Fremont General was in bankruptcy in the Central District of California. Its schedule of assets and its plan of reorganization and the 2011 Form 10-K for the reorganized firm do not, in any filing, list funds owed to it from investors whose promissory notes were paid off by the insured investor. Perhaps the investors had paid off

1

what they owed to the surety or perhaps the amounts due were written off as uncollectible or abandoned by the surety. There is no known proof of any of these possibilities so it is conceivable that the final distribution of funds to investors, if any, may result in an investor receiving funds to which it is not entitled, morally or legally.

Based on my own knowledge of this litigation, I regard the possibility that an investor or a few investors received compensation to which they were not entitled to be quite small. This litigation involved the interests of many individuals, trusts and companies and a reasonable resolution was found. There is no good economic or legal reason for delaying final disposition of the monies remaining in the VMS Settlement Fund. The Final Distribution should go forward and funds left over should be sent to the appropriate states where class members reside for deposit as unclaimed funds under applicable state law. Given the time that has passed since the creation of the VMS Settlement Fund, the following Order is a reasonable answer to the need to wrap up whatever remains to be done in connection with the litigation.

Order of the Court:

This matter coming before the Court on the motion of the Oversight Committee to: (1) retain and pay an accountant, who previously worked on earlier distributions to non opt-out class members (hereafter referred to simply as "class members"), to act as Claims Administrator to perform a final accounting and allocation of monies remaining in the VMS Settlement Fund ("Fund") and make a Final Distribution of the Fund to all class members directly, (2) send any funds that have not cleared within 150 days from mailing in the Final Distribution to the various States of residence of class members as Unclaimed Funds, and (3) pay Oversight Committee Counsel's outstanding incurred expenses and fees, and reasonable projected fees, due notice having been given and the Court being duly advised in the premises,

IT IS HEREBY ORDERED:

1. The motion is granted in full;

2. Lasky & Rifkind, Ltd. (L&R), is authorized to retain and pay DTW pursuant to engagement letter to act as Claims Administrator to perform a final accounting and allocation of monies remaining in the Fund and make a Final Distribution of the Fund to all class members directly at their last known addresses;

3. L&R is hereby authorized to send any funds that have not cleared within 150 days from mailing in the Final Distribution to the various states of residents of class members as Unclaimed Funds;

4. L&R is hereby authorized to pay DTW pursuant to the terms of the retainer: 50% of the total retainer amount, or $54,838;

5. L&R is hereby authorized to pay the balance of $54,837 to DTW upon the final project's completion;

6. L&R is hereby awarded attorney's fees of $111,302.50 and reimbursement expenses of $9,711.32 and is also awarded $25,000 for fees anticipated to be incurred for assisting DTW and responding to class members' inquiries.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 16, 2013